23 F.3d 406
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Stanley Mose CARDINE, Plaintiff-Appellant,
v.
Sheri TUCKER; Ron Claxton; Ann Farmer; C. Ramey, Lt.;
Patti Treat; William Seabold, Defendants-Appellees.
 No. 93-6587.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1994.
 
 Before: MERRITT, Chief Judge; MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Stanley Mose Cardine, a pro se Kentucky prisoiner, appeals a district court order granting the defendants' motion for summary judgment in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The defendants, sued only in their individual capacities, are Sheri Tucker, VIP Instructor for the Education Center at the Kentucky State Penitentiary (KSP); Ron Claxton, Assistant Principal for the Education Center at KSP; Ann Farmer, Principal for the Education Center at KSP; C. Ramey, a Lieutenant at KSP; Patti Treat, the Program Director at KSP; and William Seabold, the Warden at KSP. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Cardine alleged due process violations in connection with two disciplinary proceedings at KSP. In the first disciplinary action, Cardine was found guilty of unauthorized conduct with staff based on defendant Tucker's testimony that Cardine rubbed his body against hers as he passed her at the copy machine in the Education Center office and defendant Claxton's testimony that there was room for Cardine to pass without making contact with Tucker. Cardine claimed: 1) that defendant Tucker "misused her official position by fabricating a disciplinary complaint filed against the plaintiff" regarding the copy machine incident; 2) that defendant Farmer "failed to train and supervise her subordinate the defendant Sheri Tucker ...;" 3) that defendant Claxton misused his official position by engaging in sexual relationships with employees in the Education Center; 4) that defendant Ramey violated Cardine's due process rights when Ramey ordered Cardine transferred to segregation after the copy machine incident without first getting Cardine's version of the incident; and 5) that defendant Seabold failed to train Ramey.
 
 
 3
 In the second disciplinary action, Cardine was found guilty of refusing to obey a direct order based on a disciplinary report by defendant Treat stating that Cardine had returned to the Education Center after the Adjustment Committee at the first hearing had ordered him not to do so. Cardine claimed defendant Treat "misused her official position by exhibiting an exaggerated version of the Committee's recommendation" in retaliation for his attempt to expose Treat's alleged sexual misconduct with defendant Claxton. Cardine sought declaratory, injunctive and monetary relief.
 
 
 4
 The district court granted the defendants' motion for summary judgment in a memorandum opinion and order entered November 3, 1993.
 
 
 5
 Upon review, we conclude that summary judgment was proper as there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 6
 Defendant Tucker is entitled to judgment on Cardine's claim that Tucker "misused her official position by fabricating a disciplinary complaint filed against [Cardine]" regarding the copy machine incident. A prisoner has no constitutionally protected immunity from being falsely accused. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir.1986), cert. denied, 485 U.S. 982 (1988). Cardine did receive all the due process protections which are required in prison disciplinary proceedings. Id.
 
 
 7
 Defendant Treat is entitled to judgment on Cardine's claim that Treat "misused her official position by exhibiting an exaggerated version of the Committee's recommendation" in retaliation for Cardine's attempt to expose Treat's alleged sexual misconduct with defendant Claxton. Cardine's allegation of retaliation were not sufficient to demonstrate an egregious abuse of authority sufficient to defeat a motion for summary judgment. See Cale v. Johnson, 861 F.2d 943, 950 (6th Cir.1988).
 
 
 8
 Defendant Claxton is entitled to judgment on Cardine's claim that Claxton abused his position by engaging in sexual relationships with employees in the Education Center office. Cardine fails to demonstrate how this alleged misconduct violated his constitutional rights. See Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); United of Omaha Life Ins. Co. v. Solomon, 960 F.2d 31, 33 (6th Cir.1992) (per curiam).
 
 
 9
 Defendants Farmer and Seabold are entitled to judgment as a matter of law. This court has repeatedly held that liability of supervisory personnel under section 1983 must be based on something more than the right to control the actions and conduct of subordinate employees. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984) (citing Hays v. Jefferson County, 668 F.2d 869, 872 (6th Cir.), cert. denied, 459 U.S. 833 (1982)). A party cannot be held liable under Sec. 1983 absent a showing that the party acquiesced in the allegedly unconstitutional conduct. Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (6th Cir.1989), cert. denied, 495 U.S. 932 (1990). Cardine has offered no evidence of personal involvement by these defendants and, thus, has failed to meet his burden under Fed.R.Civ.P. 56(c).
 
 
 10
 Finally, defendant Ramey is entitled to judgment on Cardine's claim that Ramey violated his due process rights when he failed to obtain Cardine's version of the facts surrounding the copy machine incident before placing Cardine in administrative segregation. The failure to obtain Cardine's version of the copy machine incident in the face of his direct refusal to provide such a statement does not violate due process. Hewitt v. Helms, 459 U.S. 460, 476 (1983).
 
 
 11
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.